Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
Email: cmaher@rinconlawllp.com

Proposed Counsel for Janina M. Hoskins,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

SKIP TRANSPORT, INC.
    *fdba* WAYBOTS, INC.,

Debtor.

Case No. 21-30552 HLB
Chapter 7
Hon. Hannah L. Blumenstiel

[No Hearing Required Unless Requested]

**MOTION FOR ORDER CONFIRMING ABANDONMENT OF
TANGIBLE ASSETS AND PRIVATE SHARES**

Janina M. Hoskins, Chapter 7 Trustee of the estate of the above Debtor, files this motion for an order confirming abandonment under 11 U.S.C. § 554 of the tangible personal property owned by the Debtor situated at the Debtor's former premises at 1999 Bryant Street, San Francisco, California, and in storage at Dependable Supply Chain Services at 3199 Alvarado Road, San Leandro, California, and, to the extent anything remains at former premises, the tangible personal property at 308 and 314 G Street, San Diego, California, and 535 Alabama Street, San Francisco, California (the "Tangible Assets").

The Tangible Assets are subject to a security interest in favor of Triple Point Capital, LLC ("Triple Point"). Triple Point has perfected a security interest in all known tangible and intangible assets of the Debtor and is currently owed over $18 million according to information provided by the Debtor. The Tangible Assets are of relatively negligible value (i.e., less than $50,000). If the Trustee were to attempt to sell them, she would be required to turn over all proceeds of sale to Triple

1

Point without retaining any benefit for the bankruptcy estate. Even recovering auctioneer expenses could require the Trustee to file a motion under Section 506(c) of the Bankruptcy Code to surcharge Triple Point's collateral. A successful surcharge motion would only reimburse the estate for the actual expenses of preserving Triple Point's collateral. The effort would not benefit the estate's unsecured creditors and is not worthwhile.

The Tangible Assets at the four locations identified above are a burden on the estate and abandonment under 11 U.S.C. § 554 is justified.

In addition to the Tangible Assets, the Trustee is abandoning all of the estate's right, title, and interest in private shares in Helbiz, Inc., assigned to the Debtor as part of an asset license agreement executed by the Debtor and Helbiz in January 2021. Similar to the Tangible Assets, the shares in Helbiz are subject to Triple Point's perfected security interest and have no value for the bankruptcy estate over the lien amount. The Debtor attributed a value of $1,160,000 to the shares in Helbiz. The debt to Triple Point exceeds that value by at least $17 million.

The private shares in Helbiz have no value for the bankruptcy estate and are a burden on the bankruptcy estate. Abandonment is justified under 11 U.S.C. § 554. In addition to the lack of value for the estate, Helbiz has requested that the Trustee execute certain documents that the Debtor could have executed before it filed before it filed its Chapter 7 petition. The Trustee does not believe she has authority to execute documents in connection with a transaction not approved by the bankruptcy court, and would not execute documents without a thorough review by her counsel. Without value in the shares for the estate's other creditors, the attorney fee expense incurred in a review would not be justified.

WHEREFORE, the Trustee requests an order authorizing the relief described above.

DATED: August 11, 2021    RINCON LAW, LLP

By: /s/Charles P. Maher
Charles P. Maher
Proposed Counsel for Janina M. Hoskins,
Chapter 7 Trustee